STATE OF VERMONT

ENVIRONMENTAL COURT

| | |
|---|---|
| Appeal of Green Meadows Center, LLC | Docket No. 208-12-01 Vtec |
| | } |
| | } Docket No. 152-9-01 Vtec |
| Appeal of Tierney, et al. | } |
| | } Docket No. 179-10-99 Vtec |
| Appeal of Gilberg, et al. | } |

Decision and Order on Pending Motions

The Court has before it three appeals cases involving the same property in Wilmington, Vermont. Docket No. 208-12-01 Vtec is an appeal from the Planning Commission's denial of approval of a Planned Unit Development (PUD) for the property. Docket No. 152-9-01 Vtec is an appeal from the ZBA's grant of conditional use approval (Application #844) for the uses proposed in connection with the Planned Unit Development. Docket Nos. 208-12-01 Vtec and 152-9-01 Vtec have been consolidated with each other.

Docket No. 179-10-99 Vtec is an appeal of a 1999 conditional use permit (Application #803) issued by the ZBA for the property. In connection with that appeal, the Court ruled in November 2000 on summary judgment that an even earlier conditional use permit, to operate a ' community center' on the property in lieu of the former residential school, was issued in 1998, was not appealed, and became final; that is, that the Applicant holds a permit to operate at least to the extent that the 1998 permit remains in effect. What remains for determination on the merits of Docket No. 179-10-99 Vtec is whether and to what extent the 1998 permit remains in effect, and if so, whether or not the 1999 amendment application should be granted. That appeal was put on hold while the Applicant applied for approval under the newly-adopted PUD provisions in the zoning ordinance; the PUD application resulted in the two 2001 appeals.

In each of these cases Michael and Ellen Gilberg represent themselves; Patricia Tierney, John Scott, Louis Beaudette and Cynthia Beaudette are represented by Robin L. Stern, Esq.; and the Town of Wilmington is represented by Richard M. Gale, Esq. Applicant Green Meadows Center, LLC, and two additional appellants: Southeast Vermont Community Action, Inc. and The Community Alliance are represented by Richard D. Perra, Esq. Two citizens of Wilmington, Jennifer Fitzgerald and Clifford Duncan, were dismissed as interested parties from these appeals, but continue to receive courtesy notices of the proceedings, as does Mary Tursi. Because the Applicant and related parties are appellants in the most recent case, and are appellees in the two earlier cases, we will continue to refer to the parties as the Applicant and the ' Neighbors.'

Three motions are now before the Court: the parties' cross-motions regarding the expiration of the 1998 permit; the Neighbors' motion to strike certain ZBA minutes in connection with these motions; and the Applicants' motion to amend the PUD application to add two additional applicants.

Motions Regarding the 1998 Permit

The Neighbors argue that the 1998 permit expired and that therefore the amendments to it proposed in Docket No. 179-10-99 Vtec must be denied and that appeal must be dismissed. They are correct, even taking into account the minutes of the August 21, 2000 and August 20, 2001 ZBA meetings, prepared in August 2002 from audio tapes of those meetings which were later destroyed.

The permit in question, number 778, was issued on July 13, 1998 to the former owner, Green Meadows School. The permit itself contained the specific provision that:

If unused, this permission for Conditional Use expires 1 year from the date of issue. A request for extension may be made in writing to the Board of Adjustment before the expiration date, and a record of the Board's action thereon be attached to and become a part of this permit.

Nothing in the zoning statute or in the Town's zoning ordinance otherwise provides for a time limit or duration of a permit; the one-year expiration date simply was imposed as a condition of the conditional use approval. Accordingly, any amendment to this (or any other) condition would have had to have been made as an amendment of the conditional use approval. The procedure for applying for such an extension required that the request be made in writing, that it be made to the ZBA, that it be made before the expiration date, and that a record of the ZBA's action on the request be attached to and become a part of the permit.

A request for extension apparently was made by SEVCA, not either the permit holder of permit 778 nor the present Applicant, on June 16, 1999. If it was made in writing, as suggested by the Shriver affidavit, paragraph 4, no copy has been offered in evidence or in connection with the motions in the present proceeding. The zoning administrator wrote to SEVCA on July 15, 1999, stating that the ZBA had "granted a two-year extension on the Conditional Use Permit #778" on June 21, 1999. While we have already ruled that the ZBA's action under the extension provision on June 21, 1999 to extend the permit's expiration date to June 21, 2001 cannot be challenged for lack of authority, as such a challenge would amount to an indirect challenge to the extension provision in the 1998 permit, we left open any questions about whether the procedures required to trigger that extension provision were followed, as well as any additional questions about the validity of that permit after June 21, 2001. See the May 13, 2002 order in the present case.

First and most importantly, if the request was in fact made in writing on June 16, 1999 and acted upon on June 21, 1999, it did not receive the 15-day public notice or warning required by the state zoning statute for ZBA action on an amendment to a Conditional Use Permit (or any other ZBA action), and therefore the action was ineffective. 24 V.S.A. §§ 4407(2) and 4467. Second, no minutes, not even ones prepared from tapes after the fact in 2002, have been provided of the ZBA's action on June 21, 1999, nor was any record of that action attached to or made a part of the original permit, nor posted as required under by state statute and the zoning ordinance. See 24 V.S.A. §§ 4443(b) and 4462(a), as well as § 11(A)(2) of the Zoning Ordinance. As no prior public notice or subsequent public posting of the conditional use permit amendment extending its expiration date was made, and no minutes of the ZBA's action were prepared or signed by the Board, and no permit amendment document was produced, there was no opportunity for

opponents of the extension to appeal that action of the ZBA and therefore 24 V.S.A. § § 4472 does not preclude the Neighbors from raising that issue now.

Further, as extension of the permit duration condition is an action of the ZBA which has to be acted on with the same formalities of the original conditional use application, the purported two-year extension in 1999 is ambiguous, as the original duration of the permit was limited to one year. If the ZBA members intended to extend the duration, they may have intended to extend the original one-year permit duration an additional year, to result in a two-year permit duration in total. Without minutes or other written evidence of the June 21, 1999 action of the ZBA, we cannot determine what was considered or voted upon. It appears that Attorney Perra assumed that the extension would only have had a one-year effectiveness beyond the original expiration date, because he requested an extension of the permit on August 4, 2000, on behalf of the Applicant and The Community Alliance. However, this request was made <u>after</u> the expiration date of July 13, 2000, assuming that the original extension was for one year, and therefore should have been ineffective to trigger any ZBA action further to extend the permit.

Even assuming that the two-year extension purportedly granted in 1999 was effective, it would have expired at best[1] on July 13, 2001, and possibly as early as June 21, 2001. Similarly, even if the extension were counted as a one-year extension granted by the ZBA on August 20, 2000, it could only have extended the permit for an additional year from July 13, 2000 to July 13, 2001. Therefore, Mr. Perra' s request made July 25, 2001 on behalf of the Applicant for yet an additional extension was made after the expiration date and, under the permit terms, could not trigger consideration of a further permit extension. For all these reasons, the 1998 permit expired, and cannot now be revived.

<u>Motion to Strike Minutes of August 21, 2000 and August 20, 2001 ZBA Meetings</u>

The Neighbors argue that the after-prepared minutes of the August 21, 2000 and August 20, 2001 ZBA meetings must be disregarded by the Court, both because they fail to meet the requirements of state law for the timely preparation and signature of minutes, and as a discovery sanction because they first were not made available to the requesting parties, and because later the audio tape from which they were prepared was discarded. As a discovery sanction, the minutes should be disregarded by the Court given the sequence of events regarding the requests for those minutes, the failure to produce the minutes or tapes when requested, and the subsequent production of minutes and discarding of the tapes without producing them in discovery and without producing a verbatim transcript.

Further, the process by which minutes were not initially prepared from the audio tapes of the ZBA meetings, were not contemporaneously signed, and were not immediately filed in the Town Clerk' s office or kept as a public record represents a serious violation of the minimum requirements of state law for that process. See, <u>e.g.</u>, 24 V.S.A. § 4462(a).

However, it is unnecessary to rule on the motion to strike because the 1998 permit has expired even if the actions were taken by the ZBA as reflected in those minutes. In particular, there was no public notice that successive amendments of the Conditional Use Permit were to be considered at those meetings of the ZBA, and the August 2001 meeting only reflects that a

motion was made and seconded, but not that it was voted on or which members voted for what result.

Motion to Amend to Add Applicant Parties

Although Applicant is a for-profit entity, Applicant has stated that the project site will be owned by and the project will be operated by Southeastern Vermont Community Action, Inc. (SEVCA), a non-profit corporation, and by the Community Alliance, which appears to be some type of unincorporated association whose members are otherwise unidentified. As of the Court's August 7, 2002 Decision and Order, neither of these entities had applied as an applicant for the PUD approvals appealed to the Court in Docket Nos. 208-12-01 Vtec and 152-9-01 Vtec (nor for the earlier permit amendment at issue in Docket No. 179-10-99 Vtec), although all three do appear as co-applicants on the related Act 250 Land Use Permit.

This Court cannot add these applicants if they did not appear as applicants before the ZBA or Planning Commission in the PUD applications on appeal in Docket Nos. 208-12-01 Vtec and 152-9-01 Vtec. In the present case, the Court has already ruled that certain group service uses proposed for the PUD are allowed only if offered by a non-profit entity. Therefore, the nature and relationship of the proposed additional applicants is material to the application, and must be considered in the local process before it may be considered by the Court. If these applicants are to be added to the applications now before the Court, we must remand the case for the municipal bodies to consider that request and any effect it may have on their decisions now on appeal.

In connection with this remand, we noted in the August 2002 order and must reemphasize to the parties that many of the proposed uses appear to remain relatively amorphous as presented by the Applicant in the most recent hearing. While the Applicant described the proposed uses sufficiently at that hearing for the Court to issue its August 2002 ruling that many of them may be considered for approval within a PUD, at the merits hearing the Applicant will have to be much more specific about the nature of the uses, their hours, numbers of participants, proposed conditions, numbers of vehicles, parking, and, for the proposed nonprofit group service uses, the nonprofit organization engaging in the use. We also noted that the PUD application has not yet been presented in evidence, and noted that if the Applicant proposes to incorporate its Act 250 permit into its PUD application, it must do so explicitly. That is, the conditions and requirements of the Act 250 permit are not automatically incorporated into the PUD application, even if the Applicant intends to be bound by both permits.

The merits of all three of these matters were scheduled for January 16 and 17, 2003. Based upon the rulings on the pending motions, as Docket No. 179-10-99 Vtec is an application to amend an expired permit, it has become moot and must be dismissed. Based upon the rulings on the pending motions, consolidated Docket Nos. 152-9-01 and 208-12-01 Vtec will be remanded to the appropriate municipal bodies for consideration of the new permit applicants, unless the Applicant chooses to proceed before the Court without those applicants. However, the applicants also may wish to amend their proposed uses for the mixed-use PUD in light of this decision that the 1998 permit has expired, and to incorporate their proposed conditions from the Act 250 permit, if not also due to the issues resolved by the August 7, 2002 decision in this matter.

We will hold a telephone conference on December 17, 2002 (see enclosed notice), to discuss whether Applicants wish to amend their application and whether consolidated Docket Nos. 152-9-01 and 208-12-01 Vtec should proceed to hearing, or whether they should be placed in inactive status in this Court pending that remand, or whether they should be closed in this court. Such closure could be done without prejudice to any party' s ability to raise any issues that could have been raised in the present two appeals in any future appeal taken from future action on the new application. In any event, please note that any such future appeal that may be taken from any future action on a new application would be a separate new appeal that would have to be filed with a new notice of appeal and would have to receive a new docket number.

Done at Barre, Vermont, this 9th day of December, 2002.

_____

Merideth Wright
Environmental Judge


Footnotes

[1.]  If the initial extension were counted from the date of the ZBA action, rather than as a one- or two-year extension from the permit expiration date, as Applicant argues should be done for the August 2000 and August 2001 purported actions of the ZBA, then it would have expired on June 21, 2000 or 2001, as the case may be.